**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Deana Lozano, individually and on behalf of all those similarly situated | Bowmar Nutrition, LLC<br>5461 Miller Paul Rd.<br>Westerville, OH 43082 |

| (b) County of Residence of First Listed Plaintiff    Los Angeles, CA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Cuyahoga, Ohio<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| (c) Attorneys *(Firm Name, Address and Telephone Number)*  If you are representing yourself, provide the same information.<br><br>Charles C. Weller (SBN 207034); CHARLES C. WELLER APC; 11412 Corley Court; San Diego, CA 92126; legal@cweller.com; (858) 414-7465 | Attorneys *(Firm Name, Address and Telephone Number)*  If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Class action lawsuit under 28 U.S.C. § 1332(d) alleging violations of the California Unfair Competition Law and False Advertising Law.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | **SOCIAL SECURITY** |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 861 HIA (1395ff) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 862 Black Lung (923) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 864 SSID Title XVI |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 865 RSI (405 (g)) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

CV-71 (10/20)                                   CIVIL COVER SHEET                                   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:   Was this case removed from state court?  ☐ Yes  ☒ No<br><br>If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐  Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐  Orange | Southern |
| | ☐  Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes   ☐ No<br><br>If "no, " skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐  YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐  NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐  YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐  NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes   ☒ No<br><br>If "no, " skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐  YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐  NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐  YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐  NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?**<br><br>☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E,  below, and continue from there.<br><br>If "no," go to question D2 to the right.  ➡ | **D.2.  Is there at least one answer in Column B?**<br><br>☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E,  below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below.  ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | WESTERN  ▼ |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a).  IDENTICAL CASES**:  Has this action been previously filed **in this court**?                    ☒ NO            ☐ YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO            ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   /s/ Charles C. Weller _____   DATE:   May 24, 2021 _____

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANA LOZANO, *individually and on behalf of all those similarly situated,*    )<br>)<br>)<br>)<br>Plaintiff,    )<br>)<br>*v.*    )<br>)<br>BOWMAR NUTRITION, LLC, *an Iowa limited liability company,*    )<br>)<br>)<br>*Defendant.*    )<br>_____ | No. _____<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

1.      Millions of Americans use protein supplements and food replacements derived from whey protein to meet weight loss, fitness, and general health goals. These consumers carefully monitor their protein intake for maximum effectiveness in meeting these goals. The accuracy of nutritional labels identifying the protein content of these products is therefore centrally important to satisfying these consumers' needs and expectations.

2.      Whey-derived protein supplements and food replacement items are available—at a premium price—from Defendant Bowmar Nutrition, LLC ("Bowmar"). The Products manufactured by Bowmar include various powders, bars, frostings, nut spreads, and snacks containing or derived from whey protein isolate.

1

3.     But Defendant's whey protein Products provide *substantially less* protein than is stated on the federally mandated nutritional label and represented in Defendant's website and social media advertising. In addition, testing reveals that many other statements on the nutritional labels are false and deceptive, with material differences as to calories, fats, and various nutrients. The labels' claims were false, inaccurate, and misleading, and the labels and advertising violate federal and state laws and regulations requiring accuracy in nutritional labels.

4.     Thousands of consumers, including Plaintiff Deana Lozano, purchased the Products in reliance on Defendant's marketing claims, and especially on the false and misleading nutritional label. Defendant reaped millions of dollars in profits from these consumers, who received an inadequate product sold under false pretenses.

5.     Under the laws of the state of California (and every other state), Defendant has engaged in unfair and deceptive trade practices, sold goods under false pretenses, and defrauded its customers of the benefit of their bargain. This Court should enter a declaratory judgment finding that Defendant violated the California Unfair Competition Law ("UCL") and False Advertising Law ("FAL") and grant equitable and other relief to the extent permitted by law.

## PARTIES

6.     Plaintiff Deana Lozano is, and at all times relevant has been, a resident of Los Angeles, California, which is located in this district.

7.     Plaintiff purchased at least the following Products that she asserts featured misleading and deceptive labelling statements as alleged herein:

| PRODUCT | DATE PURCHASED | PRICE PAID |
|---|---|---|
| Birthday Cake Protein Powder | February 22, 2019 | $69.99 |
| Hazelnut Coffee Protein Powder | April 28, 2019 | $34.99 |
| Hazelnut Coffee Protein Powder | May 27, 2019 | $69.99 |
| Crunch Berry Almond Spread | July 15, 2019 | $9.99 |
| Lemon Cookie Almond Spread | August 2, 2019 | $9.99 |
| Apple Pie Almond Spread | August 2, 2019 | $9.99 |
| Crunch Berry Almond Spread | August 2, 2019 | $9.99 |
| Pumpkin Spice Protein Powder | August 12, 2019 | $34.99 |
| Blueberry Cheesecake Protein Sampler | September 18, 2019 | $8.99 |
| Chocolate Hazelnut Almond Spread | September 18, 2019 | $9.99 |
| Pecan Pie Almond Spread | November 8, 2019 | $9.99 |
| Pumpkin Pie Almond Spread | November 8, 2019 | $9.99 |
| Hazelnut Coffee Protein Powder | February 18, 2021 | $64.99 |
| Birthday Cake Protein Powder | February 18, 2021 | $64.99 |
| Confetti Cake Frosting | March 7, 2021 | $9.99 |

8.     Defendant Bowmar Nutrition, LLC is an Iowa limited liability company with its principal place of business in Westlake, Ohio.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code); specifically, under

3

28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.     Plaintiff is a citizen of a state different from defendant and seeks to represent other Class members who are citizens of states different from the Defendant.

11.     The matter in controversy in this case exceeds $5,000,000 in the aggregate, exclusive of interests and costs.

12.     In addition, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

13.     Alternatively, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

14.     This Court has personal jurisdiction over Defendant because this action arises out of and relates to Bowmar's contacts with this forum.

15.     Those contacts include but are not limited to sales of the Products directly to commercial and individual consumers located in this district, including Plaintiff; shipping the Products to commercial and individual consumers in this district, including Plaintiff; knowingly directing advertising and marketing materials concerning the Products into this district through wires and mails, both directly and through electronic and print publications

4

that are directed to commercial and individual consumers in this district; and operating an e-commerce web site that offers the Products for sale to commercial and individual consumers in this district, as well as offering the Products for sale through third-party e-commerce websites, through both of which commercial and individual consumers residing in this district have purchased the Products.

16.   Bowmar knowingly directs electronic activity and ships the Products into this district with the intent to engage in business interactions for profit, and it has in fact engaged in such interactions, including the sale of the Products to Plaintiff.

17.   Bowmar also sells the Products to retailers and wholesalers in this district for the purpose of making the Products available for purchase by individual consumers in this district.

18.   Plaintiff's losses and those of other Class members were sustained in this district.

19.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

20.   Venue is also proper pursuant to 28 U.S.C. § 1391(c)(2) because this Court maintains personal jurisdiction over defendant.

## FACTUAL ALLEGATIONS

21.     Millions of Americans use protein powders and replacement foods to supplement their diet, reduce appetite, and gain muscle. Consumers of protein supplements and other replacement foods carefully measure their protein intake to maximize muscle growth and achieve the most efficient results from their workout and exercise programs. Protein supplements derived from a variety of protein sources are currently available for purchase.

22.     Globally, consumer purchases of protein supplements in 2018 were valued at as much as $14 billion. *See* https://www.grandviewresearch.com/industry-analysis/protein-supplements-market.

23.     Bowmar Nutrition manufactures, formulates, and/or distributes *inter alia* a line of nut-based spreads, frostings, popcorn snacks, bars, and powders containing whey protein isolate. These whey (*i.e.*, dairy-derived) protein Products are designed for use by persons who are concerned about obtaining adequate protein and who want to replace comparable food products with high-protein alternatives.

24.     In addition to being advertised as "delicious" and "tasty," these Products are fortified with whey protein and are specifically formulated and

advertised        as        being        "high        protein."   *See,*        *e.g.*,

https://bowmarnutrition.com/products/bowmar-almond-butter.[1]

25.    The nut-based protein spreads are derived from cashews, hazelnuts, almonds, and peanuts and come in a variety of flavors to entice consumers, including lemon cookie, snickerdoodle, chocolate hazelnut, cornbread, and maple bacon doughnut. Other purportedly high-protein products are formulated with flavors such as ranch (popcorn snacks), coffee cake (bars), pumpkin spice or fruit cereal (powders); and confetti or cream cheese (frosting).

26.    On the front labels of its Products, Bowmar Nutrition specifically advertises these spreads, frostings, powders, and protein bars as providing specific amounts of protein per serving. These protein claims are repeated on the "Nutrition Facts" portion of the Products' labels.

27.    Bowmar Nutrition also claims that its whey protein Products provide a number of health benefits, including serving as "a healthy meal replacement with a range of amino acids to stimulate muscle growth," https://bowmarnutrition.com/products/protein-pumpkin-spice, or helping to reduce caloric intake because their high protein content will "fill[ ] you up," https://bowmarnutrition.com/products/protein-bars.

---

[1] All citations to the Bowmar Nutrition website are accurate and reflect the content of that site as of January 8, 2021.

28.     Defendant has a duty under Federal law to state the nutritional content of its Products accurately in the nutritional facts label and in its marketing materials. All of these representations also constitute an express warranty regarding the Products' protein content.

29.     However, based upon testing commissioned by undersigned counsel and performed by reputable, independent laboratories that specialize in nutritional analysis of food products, each serving of the Products contains less than the represented amount of protein. The variances range from a 15 percent shortfall from stated values for the protein bars, through approximately a 50 percent shortfall for varieties of the nut spreads, to up to a 60 percent or more shortfall for the protein powders and frostings.

30.     Because the Products are "Class I" foods (*i.e.*, "fortified or fabricated" foods), the Products must contain protein in amounts "at least equal to the value for that nutrient declared on the label." 21 C.F.R. § 101.9(g)(4)(i). That is, these variances from stated nutritional claims are unlawful under Federal law. In addition, the variances tend to move in one direction, *i.e.*, the Products consistently overstate their actual protein content.

31.     Concurrent with the filing of this Class Action Complaint, Plaintiff will serve a demand letter on Defendant pursuant to the California Consumer Legal Remedies Act, Cal. Civ. Code § 1782.

32.     Plaintiff reserves the right to amend this Complaint to add further Products showing similar discrepancies and misstatements in protein content as testing continues.

33.     Nutritional labels are the chief means by which food product manufacturers convey critical information to consumers, and consumers have been conditioned to rely on the accuracy of the claims made on these labels. As the California Supreme Court stated in a case involving alleged violations of the UCL and FAL, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 328 (2011).

34.     Given the Defendant's advertising material and other assurances, consumers including Plaintiff reasonably understood Defendant's statements to mean that each serving of the Product contained the grams of protein per serving that were advertised and represented. These statements were false.

35.     Consumers, including Plaintiff, reasonably relied on Defendant's statements such that they would not have purchased the Products from Defendant if the truth about the Products' protein nutrient content were known, or would have only been willing to pay a substantially reduced price for the Products had they known that Defendant's representations were false and misleading.

9

36.     Consumers especially rely on the nutritional claims made by food product manufacturers such as Bowmar, which explicitly markets its Products to persons who are eating a tailored diet in order to achieve specific nutritional, health, and fitness goals and who require specific amounts of protein as part of their eating plan.

## COUNT 1
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *ET SEQ.* — "UNFAIR" CONDUCT
## (On Behalf of the California Subclass)

35.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

36.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Bowmar's actions as set forth above.

37.     Class members have suffered injury in fact and have lost money or property as a result of Bowmar's actions as set forth above.

38.     Bowmar's actions as alleged in this Complaint constitute "unfair" conduct within the meaning of California Business and Professions Code Section 17200, *et seq*.

39.     Bowmar's business practices, as alleged herein, are "unfair" because Defendant deceptively failed to reveal facts that are material in light of the protein nutrient content representations that were made.

40.     As a result of this "unfair" conduct, Plaintiff and members of the Class expended money they would not otherwise have spent and received a lower quality product that did not provide the benefit they were assured it would provide.

41.     Defendant's wrongful business practices alleged herein constituted, and continue to constitute, a continuing course of unfair competition since it continues to market and sell its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers

42.     Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this court enjoining Bowmar from continuing to engage in "unfair" business practices and any other act prohibited by law, including those acts set forth in this Complaint.

43.     Plaintiff and the California Subclass also seek an order requiring Defendant to make full restitution of all monies it has wrongfully obtained from Plaintiff and the class, along with all other relief allowable under Business and Professions Code Section 17200, *et seq.*

### COUNT 2
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *ET SEQ.* — "FRAUDULENT" CONDUCT
### (On Behalf of the California Subclass)

44.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

11

45.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

46.     Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

47.     Defendant's actions as alleged in this Complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code Section 17200 *et seq*.

48.     Defendant's business practices, as alleged herein, are "fraudulent" because it deceptively failed to reveal facts that are material in light of the protein nutrient representations that were made.

49.     As a result of this "fraudulent" conduct, Plaintiff and members of the Class expended money they would not otherwise have spent, and received a lower quality product that did not provide the benefit they were assured it would provide.

50.     Defendant's wrongful business practices alleged herein constituted, and continue to constitute, a continuing course of unfair competition since it continues to market and sell its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers

51.     Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this Court enjoining

12

Defendant from continuing to engage in "fraudulent" business practices and any other act prohibited by law, including those acts set forth in this Complaint.

52.     Plaintiff and the California subclass also seek an order requiring Defendant to make full restitution of all monies it has wrongfully obtained from Plaintiffs and the Subclass, along with all other relief allowable under Business and Professions Code Section 17200, *et seq*.

## COUNT 3
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *ET SEQ*. — "UNLAWFUL" CONDUCT
## (On Behalf of the California Subclass)

53.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

54.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

55.     Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

56.     Defendant's actions as alleged in this Complaint constitute "unlawful" conduct within the meaning of California Business and Professions Code Section 17200, *et seq*.

57.     Defendant's business practices, as alleged herein, are "unlawful" because it deceptively failed to reveal facts that are material in light of the

protein nutrient representations that were made, in contravention of binding legal requirements governing the accuracy of nutritional labelling.

58.     As a result of this "unlawful" conduct, Plaintiff and members of the California Subclass expended money they would not otherwise have spent, and received a lower quality product that did not provide the benefit they were assured it would provide.

59.      Defendant's business practices alleged herein constituted, and continue to constitute, a continuing course of unfair competition since it continues to market and sell its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers.

60.     Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this court enjoining Defendant from continuing to engage in "unlawful" business practices and any other act prohibited by law, including those acts set forth in this Complaint.

61.     Plaintiff and the California Subclass also seek an order requiring Defendant to make full restitution of all moneys it has wrongfully obtained from plaintiffs and the class, along with all other relief allowable under Business and Professions Code Section 17200, *et seq*.

## COUNT 4
## VIOLATION OF CALIFORNIA BUSINESS &
## PROFESSIONS CODE SECTION 17500 *ET SEQ.*
### (On Behalf of the California Subclass)

62.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

63.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

64.     Class members have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

65.     Defendant engaged in advertising and marketing to the public and offered for sale advertising services on a nationwide basis, including in California.

66.     Defendant engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of the Products to customers like Plaintiff.

67.     Defendant's advertisements and marketing representations regarding the characteristics of the Products were misleading and deceptive as set forth above.

68.     At the time it made and disseminated the statements alleged herein, Defendant knew or should have known that the statements were

15

untrue or misleading, and acted in violation of Business and Professions Code Section 17500, *et seq*.

69.    Plaintiff seeks restitution, injunctive relief, and all other relief allowable under Business and Professions Code Section 17500, *et seq*.

## COUNT 5
## VIOLATION OF VARIOUS STATE LAWS
## PROHIBITING UNFAIR & DECEPTIVE TRADE PRACTICES
### (On Behalf of the National Class)

70.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

71.    Plaintiff's claims under California law are materially identical claims available to National Class members under the laws of the 50 states and Washington, D.C. which are amenable to Class treatment.

72.    Plaintiff accordingly brings this claim for deceptive acts and practices in violation of various states' consumer protection statutes against Defendant on behalf of the National Class.

73.    Defendant has engaged in deceptive acts and unfair practices as described in this Complaint and those acts and practices have caused actual damage to Plaintiff and the National Class, as described herein.

74.    Defendant's deceptive and unfair trade practices have been carried out in the course of conducting Defendant's business, trade, and commerce.

75.     Defendant's acts—including its use of deceptive and misleading nutritional labels on the Products—are willful, unfair, unconscionable, deceptive, contrary to public policy, and injurious to consumers.

76.     Defendant's acts and practices—including its deceptive and misleading statements and omissions in the marketing and labeling of the Products—would be material to any reasonable consumer's decision whether to buy the Product.

77.     Any objectively reasonable consumer acting reasonably in the circumstances would have been deceived and misled by Defendant's acts and practices including its deceptive and misleading statements and omissions in the marketing and labeling of the Products.

78.     Defendant's acts and practices are unconscionable and actuated by bad faith, lack of fair dealing, actual malice, are accompanied by a wanton and willful disregard for consumers' well-being, and are motivated solely by the desire for financial gain.

79.     As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and the National Class have sustained actual damages including but not limited to those described herein.

80.     Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

81.     Such state laws may include but are not limited to: Ala. Code § 8-19-1 *et seq.*; Alaska Stat. § 45.50.471 *et seq.*; Ariz. Rev. Stat. Ann. § 44-1521 *et seq.*; Ark. Code Ann. § 4-88-101 *et seq.*; Colo. Rev. Stat. § 6-1-101 *et seq.*; Conn. Gen. Stat. § 42-110a *et seq.*; Del. Code Ann. tit. 6 § 2511 *et seq.* & 2580 *et seq.*; D.C. Code Ann. § 28-3901 *et seq.*; Fla. Stat. § 501.201 *et seq.*; Ga. Code Ann. § 10-1-390 *et seq.*; Haw. Rev. Stat. § 480-1 *et seq.*; Idaho Code Ann. § 48-601 *et seq.*; 815 Ill. Comp. Stat. 505/1 *et seq.*; Ind. Code Ann. § 24-5-0.5-1 *et seq.*; Iowa Code § 714.16 *et seq.*; Kan. Stat. Ann. § 50-623 *et seq.*; Ky. Rev. Stat. Ann. § 367.110 *et seq.*; La. Rev. Stat. Ann. § 51:1401 *et seq.*; Me. Rev. Stat. Ann tit. 5, § 205-A *et seq.*; Md. Code Ann., Com. Law § 13-101 *et seq.*; Mass. Gen. Laws ch. 93A, § 1 *et seq.*; Mich. Comp. Laws § 445.901 *et seq.*; Minn. Stat. § 831 and § 325F.67 *et seq.*; Miss. Code Ann. § 75-24-1 *et seq.*; Mo. Ann. Stat. § 407.010; *et seq.*; Mont. Code Ann. § 30-14-101 *et seq.*; Neb. Rev. Stat. Ann. § 59-1601 *et seq.*; Nev. Rev. Stat. Ann. § 598.0903 *et seq.*; N.H. Rev. Stat. Ann. § 358-A:1 *et seq.*; N.J. Stat. Ann. § 56:8-1 *et seq.*; N.M. Stat. § 57-12-1 *et seq.*; N.Y. Gen. Bus. Law § 349 *et seq.* and § 350 *et seq.*; N.C. Gen. Stat. § 75-1.1 *et seq.*; N.D. Cent. Code § 51-12-01 *et seq.* and § 51-15-01 *et seq.*; Ohio Rev. Code Ann. § 1345.01 *et seq.*; Okla Stat. tit. 15, § 751 *et seq.*; Or. Rev. Stat. § 646.605 *et seq.*; 73 Pa. Stat. Ann. §§ 201-1 *et seq.*; R.I. Gen. Laws §§ 6-13.1-1 *et seq.*; S.C. Code Ann. § 39-5-10 *et seq.*; S.D. Codified Laws § 37-24-1 *et seq.*; Tenn. Code Ann. § 47-18-1091 *et seq.*; Tex. Bus. & Com. Code Ann. § 17.41 *et seq.*; Utah Code Ann. § 13-11-1 *et seq.*; Vt. Stat. Ann. tit. 9, § 2451 *et seq.*; Va. Code Ann. §§ 59.1-196 *et*

*seq.*; Rev. Code Wash. § 19.86.010 *et seq.*; W. Va. Code § 46A-6-101 *et seq.*; Wis. Stat. § 100.18 *et seq.*; and Wyo. Stat. Ann. §§ 40-12-101 *et seq.*

82.   Defendant's deceptive and unfair acts and practices are ongoing and may be expected to continue into the future absent relief.

83.   Plaintiff, individually and on behalf of the National Class, seeks:

a)   a declaration or declaratory judgment that Defendant's acts and practices have violated and continue to violate the laws of the various states;

b)   an order enjoining Defendant to refrain from the acts and practices that have violated and continue to violate the deceptive and unfair trade practices acts of the various states;

c)   actual damages;

d)   attorney's fees and court costs; and

e)   any other legal or equitable relief to which Plaintiff or the National Class members may be entitled.

## COUNT 6
## UNJUST ENRICHMENT
**(On Behalf of the National Class & California Subclass)**

84.   Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

85.   The laws of the 50 states and Washington, D.C., do not differ materially as to the elements of unjust enrichment (aka quasi contract).

86.     Defendant, through its marketing and labeling of the Products, misrepresented and deceived Plaintiff and the Class and Subclass by failing to reveal facts that are material in light of the protein nutrient representations that were made.

87.     Defendant did so for the purpose of enriching itself and it in fact enriched itself by doing so.

88.     Plaintiff and the Class and Subclass conferred a benefit on Defendant by purchasing the Products, including an effective premium, above the true value of the Products. Defendant appreciated, accepted, and retained the benefit to the detriment of Plaintiff and the Class and Subclass.

89.     Defendant continues to possess monies paid by Plaintiff and the Class and Subclass to which Defendant is not entitled.

90.     Under the circumstances it would be inequitable for Defendant to retain the benefit conferred upon it and Defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience.

91.     Plaintiff, individually and on behalf of the Class and Subclass members, seeks disgorgement of Defendant's ill-gotten gains. Plaintiff and the Class and Subclass seek the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

**PRAYER FOR RELIEF**

92.    WHEREFORE, Plaintiff respectfully requests the Court grant the following relief against Defendant:

a)    that this action be certified as a class action; that Plaintiff be appointed as class representative for the National Class and California Subclass; and that the undersigned be appointed as class counsel for the National Class and California Subclass;

b)    that the Court enter an order requiring Defendant to bear the costs of notification to the Class and Subclass members;

c)    that the Court enter a declaration or declaratory judgment that Defendant's acts and practices have violated and continue to violate California Business & Professional Code Sections 17200 *et seq.* and 17500 *et seq.* and the laws of the various states cited herein;

d)    that the Court enter an order enjoining Defendant to refrain from the acts and practices described herein;

e)    that the Court enter an order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and Subclass to restore to the Plaintiff and members of the Class and Subclass all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent

21

or unfair business act or practice, in violation of laws, statutes or regulations, or one constituting unfair competition;

f)    that the Court distribute monies via fluid recovery or *cy pres* where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

g)    actual damages including but not limited to compensatory, incidental, consequential, statutory, treble, and punitive damages amounts the Court or jury will determine, in accordance with applicable law;

f)    attorney's fees and court costs, including all recoverable interest;

g)    any other legal or equitable relief to which Plaintiff or the Class members or Subclass members may be entitled.

TRIAL BY JURY IS DEMANDED.

/s/ *Charles C. Weller*
Charles C. Weller (Cal. SBN: 207034)
Attorney for Plaintiff

CHARLES C. WELLER, APC
11412 Corley Court
San Diego, California 92126
Tel: 858.414.7465
Fax: 858.300.5137

May 24, 2021

22